

1400 Old Country Road, Suite
C103
Westbury, NY 11590
516-394-6921

_____

**REPLY TO:**

7 Century Drive, Suite 201
Parsippany, NJ 07054

_____

28 East Main Street, Suite 1800
Rochester, NY 14614

February 24, 2020

<u>**VIA ECF**</u>

Hon. Robert E. Grossman
U.S. Bankruptcy Court
Eastern District of New York
Alfonse D'Amato Federal Courthouse
Central Islip, NY 11722

**RE:    Evin Rifkin, Debtor**
**Case no. 18-77798 REG**

Dear Judge Grossman:

Please accept this letter as a status report regarding the loss mitigation efforts in the above referenced case.  A stay relief order was entered on October 28, 2019 (docket no. 38) however the debtor was allowed to remain in the bankruptcy loss mitigation program.  The debtor has pursued loss mitigation in the state court as well and hearings are also being held in state court. In an effort to avoid duplication of efforts it is requested that loss mitigation be terminated in the bankruptcy court and allow any loss mitigation be addressed in the state court.

The investor denied the request for a modification as there was no finding of mitigating circumstances to warrant an approval.  At the time of review, the loan was due for thirty (30) payments.  Under the guidelines for borrowers over 90 days delinquent or more, there is a 20% payment reduction target.  A required principal and interest reduction could not be achieved as the lender could not create a payment that is affordable without changing the terms of the existing loan.  All of the income information provided by the debtor (social security, retirement/pension and self employment) were considered.

Pension income in the amount of $2,795.99 for Ervin was reviewed along with two forms of social security income (one for Erwin and another for the care of a minor child).  The social security income is non-taxable and is grossed upward by 125% ($2,042.00 x 125%=$2,552.50) and ($1,020.00 x $125%=$1,275.00).  The total verified income for Ervin was $6,623.49. Income for Andrea was verified at $145.71 via recent profit and loss statements covering September 2019 through December 2019.

The debtors hardship began in 2017 and a request for a modification was previously denied in 2019.  The debtor has indicated in the applications that the hardship is a long term situation.  There have been five previous decisions on this request for a modification.

There were forbearance and repayment agreements in May of 2013 and October 2017.  A final modification was offered in March of 2016.  A request for an additional modification was denied in October 2017 and again in June 2019.

The 2016 modification lowered the interest rate to 3.5% and maximized the term to 480 months.  The debtor defaulted on that modification.  Since the modification in 2016 the loan has been reviewed an additional three times.

Due to the extensive reviews conducted on this loan it is requested that the bankruptcy loss mitigation be terminated.


Respectfully submitted,


/s/ Tammy L. Terrell Benoza